UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 17 2016

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal No. H-16-CR-409-2 |
| | § | |
| VICTOR HUGO VALDEZ PINON, | § | **UNDER SEAL** |
| Defendant | § | |

## INFORMATION

The United States charges that at all times material to this Information (unless otherwise specified):

### General Allegations

1.  The Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, Title 15, United States Code, Sections 78dd-1, *et seq.*, was enacted by Congress for the purpose of, among other things, making it unlawful to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value, directly or indirectly, to a foreign official for the purpose of obtaining or retaining business for, or directing business to, any person.

2.  "Foreign State Government 1" was the government of one of the thirty-one states that comprise Mexico. Foreign State Government 1 was a "foreign government," and an "agency" and "department" of a foreign government, as those terms are used in the FCPA.

3.  "Foreign Official 1" was an employee of Foreign State Government 1 with responsibility for maintaining Foreign State Government 1's aircraft from at least in or around August 2014 to at least in or around September 2016, and was a "foreign official," as that term is used in the FCPA.

4.  "Aviation Corporation A" was a United States company, headquartered in Houston, Texas, which provided maintenance, repair, overhaul, and related services to customers in the United States and Mexico, including to Foreign State Government 1 and other foreign governments, agencies, and instrumentalities thereof.

5.  The defendant, **VICTOR HUGO VALDEZ PINON** ("defendant **VALDEZ**") was a citizen of Mexico. Defendant **VALDEZ** was an agent of Aviation Corporation A from at least in or around 2006 through at least in or around September 2016. Thus, at all relevant times, defendant **VALDEZ** was an "agent" of a domestic concern as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

6.  "Co-Conspirator 1" was a citizen of the United States and resident of Texas. Co-Conspirator 1 was the President and owner of Aviation Corporation A from at least in or around 2002 through at least in or around September 2016. At all relevant times, Co-Conspirator 1 was a "domestic concern" and an owner, officer, employee, and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

## COUNT ONE
### Conspiracy to violate the FCPA and commit wire fraud
### (18 U.S.C. § 371)

7. From on or about January 1, 2006 through on or about March 2016, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the defendant,

**VICTOR HUGO VALDEZ PINON,**

did knowingly and willfully conspire, confederate and agree with others, known and unknown, including Co-Conspirator 1, to commit offenses against the United States, that is,

   a. to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist Aviation Corporation A and others, in obtaining and retaining business for and with, and directing business to, Aviation Corporation and others, in violation of the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2(a); and

b. to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Purpose of the Conspiracy

8. It was a purpose of the conspiracy for defendant **VALDEZ** and his co-conspirators to obtain and retain business for Aviation Corporation A, including business from Foreign State Government 1 and other foreign governments, agencies, and instrumentalities thereof (the "Foreign Governments and Instrumentalities"), by agreeing to pay bribes to employees, agents, and representatives of Aviation Corporation A's customers, including to foreign officials (the "Foreign Officials"), and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Conspiracy

9. The manner and means by which defendant **VALDEZ** and his co-conspirators sought to accomplish the purpose and objects of the conspiracy included, among other things, in the Southern District of Texas and elsewhere, the following:

10. Defendant **VALDEZ**, Co-Conspirator 1, and others agreed to pay, promised to pay, and authorized the payment of money to, and for the benefit of, the Foreign Officials to help Aviation Corporation A obtain and retain business with the Foreign Governments and Instrumentalities.

11. Defendant **VALDEZ**, together with others, including Co-Conspirator 1, agreed that Aviation Corporation A would pay bribes and kickbacks to employees, agents, and representatives of privately owned entities located in the United States and Mexico in order to obtain and retain business with those entities.

12. Defendant **VALDEZ**, Co-Conspirator 1, and others discussed in person, and through other means, including on the telephone and through electronic mail, making the bribe payments – which they sometimes called "commissions" or "consulting fees" – to the Foreign Officials in order to obtain and retain business with the Foreign Governments and Instrumentalities, and to agents, employees and representatives of the privately owned entities in order to obtain and retain business with the privately owned entities.

13. Defendant **VALDEZ**, Co-Conspirator 1, and others communicated with the Foreign Officials and agents, employees and representatives of the privately owned entities about the bribes, including the manner in which they would be paid.

14. Defendant **VALDEZ**, together with others, including Co-Conspirator 1 concealed material facts from privately owned entities located in the United States and Mexico and Foreign Governments and Instrumentalities in connection with the bribery and kickback scheme.

15. Defendant **VALDEZ**, together with others, including Co-Conspirator 1, caused Aviation Corporation A to send invoices from the Southern District of Texas to Foreign Governments and Instrumentalities and privately owned entities located in the United States and Mexico that hid within Aviation Corporation A's pricing the cost of the bribe and kickback payments promised to Foreign Officials or to employees, agents, and representatives of the privately owned entities.

16. Defendant **VALDEZ**, together with others, including Co-Conspirator 1, caused Foreign Governments and Instrumentalities and privately owned entities located in the United States and Mexico to make wire payments from bank accounts located in the United States and Mexico to the bank account of Aviation Corporation A in the Southern District of Texas for goods and services procured as a result of the bribery and kickback scheme.

17. Defendant **VALDEZ**, together with others, including Co-Conspirator 1, caused bribe and kickback payments to be deposited into bank accounts located in Texas and elsewhere.

### Overt Acts

18. In furtherance of the conspiracy, and to accomplish its object and purpose, the conspirators committed, and caused to be committed, in the Southern District of Texas and elsewhere, the following overt acts, among others:

   a. On or around August 31, 2015, Defendant **VALDEZ** sent an e-mail to Co-Conspirator 1 attaching a quote to be sent to Foreign State Government 1 that Defendant **VALDEZ** had inflated to include the amount of the bribe he and Co-Conspirator 1 agreed to pay to Foreign Official 1.

   b. On or about September 17, 2015, Defendant **VALDEZ** received the corrupt payment from Aviation Corporation A in the amount of approximately $1,400 in his bank account in Texas, and Defendant **VALDEZ** later used a portion of that money to make a bribe payment for the benefit of Foreign Official 1 in exchange for Foreign Official 1 directing Foreign State Government 1's business to Aviation Corporation A.

   c. On or about July 21, 2015, Co-conspirator 1 e-mailed Defendant **VALDEZ** an invoice for a privately owned entity that inflated and hid the cost of the bribe payment they agreed to pay to a representative of the entity.

d.  On or about August 25, 2015, Defendant **VALDEZ** received the corrupt payment from Aviation Corporation A in the amount of approximately $1,500 in his bank account in Texas, and Defendant later used a portion of that money to make a bribe payment to the privately owned entity's representative in exchange for directing the privately owned entity's business to Aviation Corporation A.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF CRIMINAL FORFEITURE

19.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States hereby gives notice to the defendant, **VICTOR HUGO VALDEZ PINON**, that upon conviction of the offenses charged in Count One of this Information, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses is subject to forfeiture.

### Money Judgment

20.  Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

21.  Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 28, United States Code, Section 2461(c).

| | |
|---|---|
| ANDREW WEISSMANN<br>CHIEF, FRAUD SECTION | KENNETH MAGIDSON<br>UNITED STATES ATTORNEY |
| *(signature)* FOR<br>CHRISTOPHER CESTARO<br>KEVIN R. GINGRAS<br>Trial Attorneys<br>United States Department of Justice<br>Criminal Division, Fraud Section | *(signature)*<br>ARTHUR R. JONES<br>Assistant United States Attorney<br>Southern District of Texas |